**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

**ROBIN ANN BEVILACQUA,** Case No.: 6:22-bk-04307-TPG
Chapter 7

Debtor.
______________________________/

**GENE T. CHAMBERS, CHAPTER 7 TRUSTEE,**

**Plaintiff,** **Case No: 6:23-ap-**

**v.**

**MIDLAND NATIONAL LIFE INSURANCE COMPANY,**

**Defendant.**
______________________________/

**COMPLAINT FOR TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE AND DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Gene T. Chambers, Chapter 7 Trustee ("Trustee"), by and through her undersigned counsel, files this Complaint For Turnover of Property of the Bankruptcy Estate and Declaratory and Injunctive Relief for three annuities currently in the possession and control of **Midland National Life Insurance Company** ("Midland") pursuant to 11 U.S.C. §§541, 542, 28 U.S.C. §2201 and Bankruptcy Rule 7001 and alleges the following in support of the requested relief:

**Jurisdiction**

1. This is an adversary proceeding in which Plaintiff is requesting the turnover of property of the bankruptcy estate, currently in the possession and control of **Midland National Life Insurance Company** as set out in Federal Rules of Bankruptcy Procedure, Rule 7001(1).

2. The Court has jurisdiction pursuant to 28 U.S.C. §§157(a) and 1334 and 2201.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(E).

4. Plaintiff has standing to bring this action pursuant to 11 U.S.C. §542.

5. Venue is proper pursuant to 28 U.S.C. §1409(a) and Local Rule 1071-1 of the United States Bankruptcy Court for the Middle District of Florida.

**Background Facts**

6. Gene T. Chambers is the duly appointed Chapter 7 Trustee in this case.

7. **ROBIN ANN BEVILACQUA** ("Debtor" or "Ms. Bevilacqua") filed a Chapter 7 Voluntary Petition for Bankruptcy on December 4, 2022.

8. Ms. Bevilacqua is the widow of Larry Bevilacqua who passed away on or about February 14, 2022.

9. Larry Bevilacqua was the only child of Mary Bevilacqua who passed away one month after her son on or about March 14, 2022 at the age of ninety (90).

10. Mary Bevilacqua, upon information and belief, moved into the home of her son, Larry, which he shared with his wife, Ms. Bevilacqua on or about August, 2019. Mary Bevilacqua appointed her son as her Power of Attorney on or about August 2016. Mary Bevilacqua relied upon her son and his wife for her care and maintenance up until the time of her passing, except for the final two and one-half months which were spent in the hospital and ultimately a rehabilitation facility.

11. Mary Bevilacqua held five (5) annuities through Midland: Annuity Contract Numbers: 8500308739, 8500345720, 8500285568, 8500288087, and 8500316551 (the "Annuities"). It is believed these Annuities were established on or around 2015 or 2016. Mary was already

receiving her required disbursements from them at the time of her passing. It is also understood that Mary Bevilacqua held a life insurance policy (the "Insurance Policy") purchased on or about October 13, 2016 with Midland.

12. Upon information and belief, Mary, through her financial advisor, designated her son Larry as primary beneficiary on four (4) of the annuities and her daughter-in-law, the Debtor as contingent beneficiary after moving into Larry and his wife's home. Mary left one of the Annuities unchanged where her sister was the primary beneficiary.

13. Since four of the five Annuities designate Larry Bevilacqua as primary beneficiary with Robin Bevilacqua as the contingent beneficiary as of the date of filing for bankruptcy protection, and both Larry and Mary were deceased prior to the filing, the Annuities where Ms. Bevilacqua is the beneficiary are now property of the bankruptcy estate.

14. While Ms. Bevilacqua did not include the Annuities on her bankruptcy schedules, she did testify to their existence during her 11 U.S.C. §341 meeting with the Trustee. Additionally, Ms. Bevilacqua indicated her knowledge and claim to the proceeds where she submitted a claim to Midland in 2022. Midland responded to her claims with a letter indicting they were reviewing the contracts. (**Exhibit A)**

15. Ms. Bevilacqua was the stated contingent beneficiary on four of the five Annuities on the date her bankruptcy was filed. Therefore, the Trustee made demand to Midland for the proceeds of any of the Annuities and Insurance Policy where Debtor was the beneficiary with a right to collect on the date of her bankruptcy filing. Demand was sent by Certified and regular deliver mail to Midland on May 12, 2023. (**Exhibit B)**

16. Legal Counsel for Midland contacted the undersigned to inform her that Midland is

prepared to disburse the Annuity funds, but only once an order of the Court has been entered directing the disbursement.

17. Plaintiff has retained the undersigned counsel to pursue this action to recover property of the bankruptcy estate.

**Count I**
**Declaratory Judgment and Injunctive Relief Regarding Property of the Estate**

18. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 17.

19. A real, actual and justiciable controversy has arisen between Plaintiff and Midland regarding the parties rights and legal obligations as they relate to the Annuities and Insurance Policy and whether those items are property of the bankruptcy estate.

20. Property of the Estate, pursuant to 11 U.S.C. §541(a)(1) includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The "estate is comprised of all ... property "whereever located and by whomever held." 11 U.S.C. §541(a).

21. On the date of filing Ms. Bevilacqua was the first named living beneficiary of the Annuities and Insurance Policy. Pursuant to 11 U.S.C. §541 because Ms. Bevilacqua had a legal and equitable interest in the Annuities and Insurance Policy as of the commencement of the case, those monetary equivalents are property of the estate.

22. By reason of the foregoing, and pursuant to 28 U.S.C. §2201, Plaintiff is entitled to a binding declaration and judgment declaring Plaintiff's rights and legal obligations as they relate to the Annuities and Insurance Policy and to a preliminary and permanent injunction enjoining and restraining Midland, and any and all other others acting in concert with it who have actual knowledge

thereof, from instituting or proceeding with any action or suit against Plaintiff with respect to or in any way relating to or arising out of claim to the Annuities and Insurance Policy.

**Count II**
**Turnover of Property Pursuant to Section 542(a) of the Bankruptcy Code**

23. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 22.

24. The Annuities and Insurance Policy are in the possession or control of Midland.

25. The proceeds from the Annuities and Insurance Policy, which are the subject of this action, are property of the estate and the Plaintiff is entitled to immediate possession thereof.

26. In accordance with Section 542(a) of the Bankruptcy Code, Midland is required to deliver the proceeds of the Annuities and Insurance Policy to the Plaintiff.

27. Despite demand for their return, Midland, refused to deliver the proceeds of the Annuities and Life Insurance to Plaintiff.

WHEREFORE, Plaintiff requests that the Court take jurisdiction of this action and enter judgment:

a. declaring that the proceeds of the Annuities and Life Insurance Policy where Robin Bevilacqua is the living and named beneficiary are property of the bankruptcy estate as of the commencement date of the bankruptcy filing and enjoining and restraining Midland and all others who have actual knowledge thereof, from instituting or proceeding with any action or suit against Plaintiff with respect to or in ay way relating to or arising out of a claim to the Annuities or Insurance Policy; and

b. ordering the turnover of the proceeds of the Annuities and Insurance Policy directly

to the Plaintiff immediately;

c. awarding attorneys fees and costs; and

d. for such further relief as the Court deems just and equitable.

Dated this 27th day of June, 2023.

*/s/ Cynthia E. Lewis, Esq.*

Cynthia E. Lewis, Esq.
Florida Bar No.: 53076
Nardella & Nardella, PLLC
135 W. Central Blvd., Ste 300
Orlando, FL 32801
Phone : (407) 966-2680
Facsimile No.: (407) 246-0008
E-mail: clewis@nardellalaw.com
Attorney for Plaintiff/Trustee

# EXHIBIT A

MIDLAND NATIONAL.

May 3, 2022

ROBIN BEVILOCQUA
1235 STADT RD NW
PALM BAY, FL 32907

RE: Mary Bevilacqua, Deceased
Contract: [illegible]

Dear Ms. Bevilacqua:

Midland National Life Insurance Company is in receipt of the documentation for your claim for the death benefit proceeds under the Contract. Your death benefit claim under the above listed contract is currently under review. Midland National Life Insurance Company will make every attempt to conclude our review in as timely a manner as possible and will notify you upon completion.

If you have questions, please call us toll-free at 877-880-6367. We are available Monday through Thursday from 7:30 am to 5:00 pm (CT) and Friday from 7:30 am to 12:30 pm (CT). A service professional within the Claims Department will be happy to take your important call.

Sincerely,

Claims Department

AGENT:
HARRY THOMAS DIORIO
UNIT 15-F
2100 SOUTH OCEAN DR
FT LAUDERDALE, FL 33316

AGENT CODE: 6278F
AGENT PHONE: (954)263-5444

# EXHIBIT B



Cynthia E. Lewis, Esq.
clewis@nardellalaw.com
Direct Line: (407) 872-7447

May 11, 2023

Midland National Life Insurance Company
Annuity Division
PO Box 10385
Des Moines, IA 50306-0385

Re: Bankruptcy Case: Robin Bevilacqua
Case Number: 6:22-bk-04307-TPG

Dear Sir/Madam:

It has come to the Trustee's attention that Midland National Life Insurance Company is the holder of a life insurance policy and several annuities which, upon information and belief, list the Chapter 7 Debtor, Robin Bevilacqua as beneficiary or contingent beneficiary. This letter is a demand for the proceeds of each of those accounts where she is an authorized beneficiary be paid to the bankruptcy estate for Robin Bevilacqua through the Trustee of the estate.

Ms. Bevilacqua filed a Chapter 7 Bankruptcy on December 4, 2022. Gene T. Chambers was appointed as Chapter 7 Trustee to administer the assets of the case.

During production of documents, it was determined that Mary Bevilacqua, who was deceased prior to the filing of the bankruptcy, held approximately five (5) annuity contracts with Midland National Life Insurance Company and may have had a life insurance policy as well.

The annuity contract numbers are as follows: 8500308739, 8500345720, 8500285568, 8500288087, and 8500316551. The separate life insurance policy was likely purchased on or about October 13, 2016.

Unfortunately, Mary Bevilacqua passed away on March 14, 2022. Larry Bevilacqua, believed to be the primary beneficiary, predeceased her on February 14, 2022.

It is our understanding that Robin Bevilacqua is the contingent beneficiary on four (4) of the five (5) annuity contracts and possibly on the life insurance policy. It is also our understanding that prior to the filing of this bankruptcy case none of the proceeds from either the annuities or the life insurance policy had been tendered to Robin Bevilacqua.

Annuity and Life Insurance benefits due and owing to a Debtor at the time of the bankruptcy filing are property of the bankruptcy estate. It is for that reason that demand is hereby made for all proceeds to be tendered to Gene T. Chambers, Chapter 7 Trustee for the Estate of Robin Bevilacqua.

Payment should be made via U.S. funds within thirty (30) days and mailed to:

Gene T. Chambers, Trustee
Post Office Box 533987
Orlando, FL 32853

I am including the Notice of Chapter 7 Bankruptcy Case with this demand for your reference.

If you have any questions or concerns, please contact me at my direct line (407) 872-7447 or via email at clewis@nardellalaw.com.

Thank you for your prompt attention to this matter.

Sincerely,
**NARDELLA & NARDELLA, PLLC**

Cynthia E. Lewis

Cc: Harry Thomas Diorio
Unit 15-F
2100 South Ocean Dr
Ft. Lauderdale, FL 33316

Trustee, Gene T. Chambers